**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000437
26-JAN-2015
07:49 AM**

NO. CAAP-12-0000437

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FAIR HORIZON LLC, Plaintiffs-Appellees,
v.
KEONI K. AGARD, LYNETTE L. AGARD, Defendants-Appellants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-3052)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendants-Appellants Keoni K. Agard and Lynette L. Agard (Agards) appeal from a "Judgment on Order Granting Plaintiff Fair Horizon LLC's Motion for Summary Judgment Filed Herein on February 17, 2012, and For Possession" (Judgment) and a "Writ of Possession" (Writ) entered against them and in favor of Plaintiff-Appellee Fair Horizon LLC (Fair Horizon), both filed on April 3, 2012, by the Circuit Court of the First Circuit (circuit court).[1] The Judgment and Writ were entered pursuant to the circuit court's grant of a summary judgment motion filed by Fair Horizon.

In their points of error, the Agards assert that the circuit court erred by granting summary judgment for Fair Horizon, issuing the Judgment, and issuing the Writ.

---

[1] The Honorable Rhonda A. Nishimura presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the Agards' appeal as follows and affirm.

In a related case, Agard v. Deutsche Bank National Trust, Circuit Court of the First Circuit, Civil No. 11-1-0362-02, now on appeal in CAAP-13-2872 (hereafter CAAP-13-2872), Lynette Agard filed a complaint against several entities, including the foreclosing entity Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2006-AR14, Mortgage Pass-Through Certificates Series 2006-AR14 under the Pooling and Servicing Agreement dated October 1, 2006 (Deutsche Bank), alleging *inter alia* wrongful foreclosure and unfair or deceptive practices.[2]

In this case, we address the Agards' contentions that (1) Fair Horizon was not a bona fide purchaser; and (2) Fair Horizon does not hold good title because Deutsche Bank had defective title and thus improperly foreclosed on the subject property. Although these issues were addressed by the parties below, it is unclear on what basis the circuit court granted summary judgment. Because the circuit court granted summary judgment to Fair Horizon, we review its grant of summary judgment *de novo*. Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 295, 141 P.3d 459, 468 (2006).

**(1)** Based on our review of the record, Fair Horizon established that it was a bona fide purchaser in that it purchased the property in good faith for value and without notice of any title defects, and it is entitled to possession of the property. See Lee v. HSBC Bank USA, 121 Hawai'i 287, 291, 218 P.3d 775, 779 (2009) (noting that "[nonjudicial foreclosure

---

[2] Also named as defendants in CAAP-13-2872 were IndyMac Mortgage Services, Inc. and OneWest Bank, FSB.

sales] are final between the parties and conclusive as to bona fide purchasers[]").

The undisputed evidence establishes that, at a nonjudicial foreclosure auction held on March 3, 2011, Fair Horizon was the highest bidder and tendered a non-refundable deposit of $65,000 towards the purchase price of the subject property, with the belief that it was acquiring good title. According to the affidavits of Fair Horizon's president, Gerald Mount, Jr. (Mount), and vice-president of operations, Gregory Dunn (Dunn), they believed Fair Horizon was acquiring good title to the property at the auction and they were not aware of any challenges to, or any actual or alleged problems with, the foreclosure at the time of the public auction.

On March 18, 2011, the Mortgagee's Affidavit of Foreclosure Under Power of Sale (Mortgagee's Affidavit), listing Fair Horizon as the successful purchaser, was filed with the State of Hawaiʻi Bureau of Conveyances (Bureau). Under Hawaiʻi Revised Statutes (HRS) § 667-8 (1993), which was applicable at the time of the nonjudicial foreclosure in this case,[3] the Mortgagee's Affidavit "shall be admitted as evidence that the power of sale was duly executed." See U.S. Bank Nat'l Ass'n v. Castro, 131 Hawaiʻi 28, 40, 313 P.3d 717, 729 (2013) ("That the affidavit shall be admitted as evidence that the power of sale was duly executed demonstrates the legislature's intent to promote the finality of properly conducted sales.") (citation and quotation marks omitted).

Pursuant to the undisputed affidavits of Mount and Dunn, it was not until April 4, 2011, that Fair Horizon became aware that Lynette Agard had filed a complaint against Deutsche Bank.[4] Moreover, the Agards do not contend that a *lis pendens* was recorded at the time of the nonjudicial foreclosure auction.

---

[3]  HRS § 667-8 was repealed in 2012.

[4]  Lynette Agard's initial complaint in CAAP-13-2872 was filed on February 17, 2011.

Instead, it appears that a *lis pendens* was not filed by Lynette Agard until March 12, 2012, over a year after the nonjudicial foreclosure auction.[5]  See HRS § 634-51 (Supp. 2012); IndyMac Bank v. Miguel, 117 Hawai'i 506, 521, 184 P.3d 821, 836 (App. 2008) ("The doctrine of lis pendens is intended to protect a claimed interest in property from being defeated by a subsequent sale to a bona fide purchaser during the course of litigation."). Thus, the evidence submitted by Fair Horizon shows that it purchased the property in good faith for value at the public auction, without notice of any title defects, and that the Mortgagee's Affidavit was filed before Fair Horizon had any knowledge of Lynette Agard's lawsuit.

When a party moving for summary judgment satisfies its initial burden of production, the burden shifts to the non-moving party to demonstrate specific facts, as opposed to general allegations, that present a genuine issue of material fact to be decided at trial.  Stanford Carr, 111 Hawai'i at 296, 141 P.3d at 469.

The Agards contend that Fair Horizon failed to take in good faith and without notice because it learned of the related litigation before the Limited Warranty Deed was recorded on November 3, 2011.  This assertion does not affect Fair Horizon's status as a bona fide purchaser because the recording of the Mortgagee's Affidavit in March 2011 is evidence that the power of sale was duly executed.  HRS § 667-8; Castro, 131 Hawai'i at 40, 313 P.3d at 729; see also Melendrez v. D & I Inv., Inc., 26 Cal.Rptr.3d 413, 427 (App. 2005) ("[I]nformation learned after the acquisition does not affect the buyer's [bona fide purchaser] status.").

---

[5]  The record on appeal in CAAP-13-2872 contains a *lis pendens* filed by Lynette Agard on March 12, 2012, in her lawsuit against Deutsche Bank, et al. Pursuant to Hawaii Rules of Evidence (HRE) 201, we take judicial notice of that document in the related action.  It is unclear from that record if the *lis pendens* was recorded.

4

Summary judgment in favor of Fair Horizon was thus proper because Fair Horizon was a bona fide purchaser of the property.

**(2)** Because we conclude that Fair Horizon was a bona fide purchaser, we need not address the Agards' other contention that Deutsche Bank did not have good title to foreclose on the property. We note, however, that this issue and the same arguments raised by the Agards in this case are addressed in the Summary Disposition Order in CAAP-13-2872. As noted therein, this court did not find merit in the Agards' claims.

Therefore,

IT IS HEREBY ORDERED that the Judgment for Possession and the Writ of Possession, both entered on April 3, 2012, by the Circuit Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawai'i, January 26, 2015.

On the briefs:

Keoni K. Agard
Dexter K. Kaiama
(Agard & Kaiama, LLC)
for Defendants-Appellants

Robert E. Chapman
Mary Martin
(Clay Chapman Iwamura Pulice
& Nervell)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge